UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 26-30943-KLP |
| Towanda Lynette Tompkins | ) | |
| | ) | Chapter 7 Proceeding |
| | ) | |
| Debtor. | ) | |

**TRUSTEE'S OBJECTION TO MOTION TO
CONVERT CASE FROM CHAPTER 7 TO CHAPTER 13**

Jennifer J. West, Chapter 7 Trustee in the above styled case (the "Trustee"), respectfully files this Objection to the Debtor's Motion to Convert a Chapter 7 to a Chapter 13 (the "Motion"). In support of this Objection, the Trustee states as follows:

1. The Debtor filed this instant case pursuant to Chapter 7 of the Bankruptcy Code on March 10, 2026 (the "Petition Date").

2. The Trustee was appointed interim Trustee in the case and continues to serve in that capacity.

3. This is a core proceeding over which this Court has jurisdiction under 28 U.S.C. §§ 157(b)(2)(A), (O), and 1334. Venue is proper pursuant to 28 U.S.C. § 1409.

4. The Debtor's filed Statement of Financial Affairs (the "SOFA") discloses a transfer of that real property commonly known as 5024 Cedar Acres Court, Richmond, Virginia 23223 (the "Cedar Acres Property") to Kevanta Tompkins on August 1, 2025, approximately seven (7) months prior to the Petition Date.

Jennifer J. West, Esquire (VSB No. 47522)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone: (804) 697-2000
Facsimile: (804) 697-2100
*Chapter 7 Trustee*

5. The SOFA further disclosed the transfer of "Company Vehicles" to Kevanta Tompkins for $1000 on August 1, 2025.

6. The first meeting of creditors was held on April 14, 2026 (the "341 Meeting").

7. During the course of the examination, the Trustee confirmed that Kevanta Tompkins is the Debtor's son.

8. The Debtor testified at the 341 Meeting that Cedar Acres Property was transferred to her son by deed of gift for zero consideration.

9. The Debtor further testified that although the SOFA states that the Company Vehicles were transferred to her son, that the transfer of those vehicles had not, in fact, been completed. The Trustee has not yet had an opportunity to investigate the transfer set out on the SOFA.

10. The Debtor testified at the 341 Meeting that the Cedar Acres Property is her current residence.

11. The Trustee discovered, prior to the 341 Meeting, that the Debtor had also transferred, by deed of gift, two other parcels of real property to her son in August of 2025.  A parcel identified as 2162 Elkridge Lane, Richmond, Virginia (the "Elkridge Property") and a parcel identified as 115 Plum Lane, St. Stephens Church, Virginia (the "Plum Lane Property").

12. The transfers of the Elkridge Property and the Plum Lane Property were not disclosed on the Debtor's filed schedules.

13. The Trustee suggests that the Debtor's act to transfer (the "Transfers") the Cedar Lane Property, Elkridge Property and Plum Lane Property (collectively, the "Properties") was undertaken specifically to hinder, delay and defraud her creditors.

14. The Transfers were made to an insider of the Debtor within two years prior to the Petition Date and are therefore avoidable fraudulent conveyances pursuant to 11 U.S.C. § 548.

2

15. The Cedar Acres Property has a current tax assessed value of $366,100.00.   The Debtor's filed schedules (the "Schedules") indicate that there are two liens on the Cedar Acres Property with a total payoff of approximately $195,000.00.  Pursuant to 11 U.S.C. § 522(g), the Debtor is not entitled to an exemption in Cedar Acres Property if the transfer to her son is avoided by the Trustee because the transfer was voluntary.  Based on information available to the Trustee, there is substantial equity in the Cedar Acres Property that the Trustee believes should be recovered and liquidated for the benefit of the Debtor's creditors.

16. The Elkridge Property has a current tax assessed value of $126,000.00.  The Debtor testified at the 341 Meeting that the Elkridge Property is unencumbered.  There is substantial value in the Elkridge Property that the Trustee believes should be recovered and liquidated for the benefit of the Debtor's creditors.

17. The Plum Lane Property has a current tax assessed value of $40,800.00.  The Debtor testified at the 341 Meeting that the Plum Lane Property is unencumbered.  There is substantial value in the Plum Lane Property that the Trustee believes should be recovered and liquidated to pay the Debtor's creditors.

18. The Trustee has not yet completed her investigation into the Debtor's assets and believes that there may be other assets, including assets of Tompkins Transportation LLC, that may have been transferred or secreted to avoid payment to creditors.

19. The Debtor is self-employed at Tompkins Transportation LLC ('Tompkins Transportation").  The Debtor testified at the 341 Meeting that Tompkins Transportation has never made a profit.  The Trustee has not yet had an opportunity to review the Debtor's tax returns or the requested profit and loss statement to determine the financial condition of Tompkins Transportation.

3

20. The Debtor's Schedules list general unsecured debts in the amount of $573,000 plus $123,000 in Federal and State tax obligations.

21. Pursuant to 11 U.S.C. § 109(e), "Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $526,700....may be a debtor under Chapter 13."  Because the Debtor's total unsecured debts exceed $526,700, the Debtor is not eligible for Chapter 13 and the Motion should be denied.

22. In addition, the Trustee notes that according to the Debtor's Schedules I and J, the Debtor's monthly net income is -$1,097.  Accordingly, the Debtor is unable to propose a Chapter 13 plan whereby the unsecured creditors will receive at least as much under the plan as they would receive if the Debtor's assets were liquidated under Chapter 7.

23. The Debtor's failure to disclose the transfer of the Elkridge Property and the Plum Lane Property are further evidence of the Debtor's bad faith attempt to transfer and/or hide assets that would otherwise be available to per her creditors.

24.  The circumstances set forth above constitute sufficient cause to deny the Debtor's Motion and to direct that this case proceed under Chapter 7.

WHEREFORE, the Trustee requests the Court to enter an order denying the Debtor's Motion to Convert this case from chapter 7 to chapter 13, and for such other relief as is just and proper.

/s/ Jennifer J. West, Trustee
Trustee

Jennifer J. West, Esquire (VSB No. 47522)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:  (804) 697-2000
Facsimile:  (804) 697-2100
        *Chapter 7 Trustee*

4

CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2026, a true copy of the foregoing Objection was sent electronically or by first class mail to:

Office of the U.S. Trustee
701 East Broad Street - Suite 4304
Richmond, Virginia 23219

Towanda L. Tompkins
5024 Cedar Acres Ct
Richmond, VA 23223

/s/ Jennifer J. West_____
Trustee