**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>TOWANDA LYNETTE TOMPKINS,<br><br>    Debtor. | Chapter 7<br><br>Case No. 26-30943-KLP |
| JENNIFER J. WEST, CHAPTER 7 TRUSTEE,<br><br>    Plaintiff,<br><br>v.<br><br>KEVANTA LAMONT TOMPKINS,<br><br>    Defendant. | Adversary Proceeding<br><br>No. _____ |

**COMPLAINT TO RECOVER PROPERTY**

Plaintiff Jennifer J. West, Chapter 7 Trustee (the "Trustee") for the Bankruptcy Estate (the "Estate") of Towanda Lynette Tompkins (the "Debtor"), by counsel and pursuant to 11 U.S.C. §§ 544 and 548, and Federal Rule of Bankruptcy Procedure 7001, files this Complaint to Recover Property (the "Complaint") against Kevanta Lamont Tompkins (the "Defendant"), seeking to recover pre-petition transfers of real property from the Debtor to the Defendant.  In support of her Complaint, the Trustee states as follows:

Robert H. Chappell, III, Esquire (VSB No. 31698)
Jennifer J. West, Esquire (VSB No. 47522)
Christopher A. Hurley, Esquire (VSB No. 93575)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone: (804) 697-2000
Facsimile: (804) 697-2100
*Proposed Counsel for Jennifer J. West, Chapter 7 Trustee*

## I.  JURISDICTION AND PARTIES

1.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (H), and jurisdiction is proper before the Court pursuant to 28 U.S.C. § 1334(a).

2.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The Debtor is a resident of the Commonwealth of Virginia.

4.      The Defendant is a resident of the Commonwealth of Virginia and is the Debtor's son.

5.      On March 10, 2026, (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under Chapter 7 of the Bankruptcy Code.

6.      On or about March 11, 2026, the Court appointed Jennifer J. West as Interim Trustee for the Estate.

7.      A meeting of creditors was held pursuant to 11 U.S.C. § 341 on April 14, 2026 (the "341 Meeting"), at which the Debtor appeared and testified regarding the assets that are the subject of this Complaint.

## II.  FACTUAL ALLEGATIONS

### A. Background

8.      As alleged above, the Debtor filed a voluntary Chapter 7 proceeding on March 10, 2026.

9.      In her Statement of Financial Affairs, signed under penalty of perjury, the Debtor disclosed that within the two years prior to the Petition Date, the Debtor transferred to the Defendant real property located at 5024 Cedar Acres Ct., Henrico, Virginia 23223 (the "Cedar Acres Property").[1]

---

[1] The Debtor listed the Cedar Acres Property with an address in Richmond, Virginia. However, the property is located in the County of Henrico, Virginia.

10.     The Debtor transferred the Cedar Acres Property to the Defendant by Deed of Gift dated August 4, 2025, and recorded in the Clerk's Office for the Circuit Court for the County of Henrico, Virginia, on August 14, 2025. A true and accurate copy of the recorded Deed of Gift conveying the Cedar Acres Property (the "Cedar Acres Deed") is attached hereto as **Exhibit 1**.

11.     The Debtor's schedules state that the Cedar Acres Property has a value of $385,000.

12.     The current tax-assessed value of the Cedar Acres Property is $366,100.

13.     In her Schedule A/B, the Debtor asserts an interest in the Cedar Acres Property.

14.     The Debtor resided at the Cedar Acres Property before the transfer and has continued to reside at the Cedar Acres Property since the transfer.

15.     The Debtor did not disclose any other transfers of real property in her Statement of Financial Affairs.

16.     The Trustee has obtained public records searches showing that the Debtor also previously owned two other parcels of real property that were transferred to the Defendant: 2162 Elkridge Lane, Henrico, Virginia 23223 (the "Elkridge Property"); and 115 Plum Lane, Saint Stephens Church, Virginia 23148 (the "Plum Property," and together with the Cedar Acres Property and Elkridge Property, the "Properties").

17.     By Deed of Gift dated August 4, 2025, and recorded in the Clerk's Office for the Circuit Court for the County of Henrico, Virginia, on August 14, 2025, the Debtor transferred title to the Elkridge Property to the Defendant. A true and accurate copy of the Deed of Gift conveying the Elkridge Property (the "Elkridge Deed") is attached hereto as **Exhibit 2**.

18.     The current tax-assessed value of the Elkridge Property is $126,000.

19.     Upon information and belief, by Deed of Gift recorded in the Clerk's Office for the Circuit Court of King and Queen County, Virginia, on August 19, 2025, at Deed Book 0156, Page 490, the Debtor transferred title to the Plum Property to the Defendant. A true and accurate copy

3

of information publicly available on the King and Queen GIS website showing the recordation

date of the Deed of Gift conveying the Plum Property is attached hereto as **Exhibit 3**.

20.     The current tax-assessed value of the Plum Property is $40,800.

21.     During the 341 Meeting, the Debtor testified that her uncle resides at the Plum

Property.

22.     Based on the deeds of gift, public records, and the Debtor's testimony during the

341 Meeting, the Debtor conveyed the Properties to the Defendant for no consideration.

23.     The transfers of the Properties by the Debtor to the Defendant are referred to

collectively herein as the "Transfers."

24.     At the time of the Transfers, the Debtor was the named defendant in active litigation

in the Circuit Court for the County of Henrico, Virginia, proceeding as Case No. CL25000527-00,

in which the plaintiff sought a judgment against the Debtor in the amount of $250,000.

25.     Upon information and belief, the Debtor was either insolvent at the time of the

Transfers or was rendered insolvent as a result of the Transfers.

26.     According to the Debtor's schedules and testimony at the 341 Meeting, the Debtor

incurred at least $123,510 in debt following the Transfers (the "Post-Transfer Indebtedness")

27.     The Trustee files this Complaint to recover the Properties as fraudulent transfers

under 11 U.S.C. § 548.

### Count I – Avoidance and Recovery of Fraudulent Transfers
### 11 U.S.C. §§ 548(a)(1)(A)

28.     The Trustee repleads paragraphs 1 through 27 as if fully set forth herein.

29.     Through the Transfers, the Debtor transferred the Cedar Acres Property, Elkridge

Property, and Plum Property in which she had an interest to or for the benefit of the Defendant.

30.     The Transfers were made within two years of the Petition Date.

31.     The Debtor made the Transfers with the actual intent to hinder, delay, or defraud her creditors.

32.     The Debtor's intent to hinder, delay, or defraud her creditors is evidenced by, without limitation, the following badges of fraud:

a.  The Debtor retained an interest in the Properties, including by continuing to reside at the Cedar Acres Property and continuing to allow a family member to reside in the Plum Property.

b.  The Debtor retained physical possession of the Cedar Acres Property.

c.  The Debtor transferred the Properties to her son, the Defendant.

d.  The Defendant gave no consideration for the Transfers.

e.  Upon information and belief, the Debtor was insolvent at the time of the Transfers or was rendered insolvent as a result of the Transfers.

f.  The Debtor continued to incur significant indebtedness following the Transfers.

g.  At the time of the Transfers, the Debtor was being pursued by her creditors, as evidenced by the pending litigation in state court.

h.  The Debtor initially concealed the transfers of the Elkridge Property and Plum Property by failing to disclose them on her Statement of Financial Affairs, and only disclosing them in response to questioning by the Trustee during the 341 Meeting.

33.     Defendant is the initial transferee of the Transfers.

34.     The Transfers are avoidable and recoverable from Defendant pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550.

### Count II – Avoidance of Fraudulent Transfers
### 11 U.S.C. §§ 548(a)(1)(B) and 550

35.     The Trustee repleads paragraphs 1 through 34 as if fully set forth herein.

36.     Through the Transfers, the Debtor transferred the Cedar Acres Property, Elkridge Property, and Plum Property in which she had an interest to or for the benefit of the Defendant.

37.     The Transfers were made within two years of the Petition Date.

38.     The Debtor received less than reasonably equivalent value for the Transfers.

39.     Upon information and belief, the Debtor was insolvent at the time of the Transfers or was rendered insolvent as a result of the Transfers.

40.     Upon information and belief, the Debtor intended to incur, or believed that she would incur, debts that would be beyond her ability to pay as such debts matured, including without limitation the Post-Transfer Indebtedness.

41.     Defendant is the initial transferee of the Transfers.

42.     The Transfers are avoidable and recoverable from Defendant pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550.

### Count III – Avoidance of Fraudulent Transfers
### 11 U.S.C. §§ 544 and 550, Va. Code § 55.1-400

43.     The Trustee repleads paragraphs 1 through 42 as if fully set forth herein.

44.     Through the Transfers, the Debtor transferred the Cedar Acres Property, Elkridge Property, and Plum Property in which she had an interest to or for the benefit of the Defendant.

45.     The Debtor made the Transfers with the actual intent to hinder, delay, or defraud her creditors.

46.     The Debtor's intent to hinder, delay, or defraud her creditors is evidenced by, without limitation, the following badges of fraud:

    a.  The Debtor retained an interest in the Properties, including by continuing to reside at the Cedar Acres Property and continuing to allow a family member to reside in the Plum Property.

    b.  The Debtor retained physical possession of the Cedar Acres Property.

6

c.  The Debtor transferred the Properties to her son, the Defendant.

d.  The Defendant gave no consideration for the Transfers.

e.  Upon information and belief, the Debtor was insolvent at the time of the Transfers or was rendered insolvent as a result of the Transfers.

f.  The Debtor continued to incur significant indebtedness following the Transfers.

g.  At the time of the Transfers, the Debtor was being pursued by her creditors, as evidenced by the pending litigation in state court.

h.  The Debtor initially concealed the transfers of the Elkridge Property and Plum Property by failing to disclose them on her Statement of Financial Affairs, and only disclosing them in response to questioning by the Trustee during the 341 Meeting.

47.  Upon information and belief, the Defendant knew or should have known from the facts and circumstances of the Transfers, that the Debtor consummated the Transfers with the intent to defraud.

48.  The Defendant was the initial transferee of the Transfers.

49.  The Transfers are avoidable and recoverable from Defendant pursuant to 11 U.S.C. §§ 544(b) and 550 and Va. Code § 55.1-400.

### Count IV – Avoidance of Voluntary Transfers
### 11 U.S.C. § 544 and Va. Code § 55.1-401

50.  The Trustee repleads paragraphs 1 through 49 as if fully set forth herein.

51.  Through the Transfers, the Debtor transferred the Cedar Acres Property, Elkridge Property, and Plum Property in which she had an interest to or for the benefit of the Defendant.

52.  The Transfers were not made upon consideration deemed valuable in law.

53.  Upon information and belief, the Debtor was insolvent at the time of the Transfers, or was rendered insolvent by the Transfers.

7

54.     The Debtor's schedules reflect that the Debtor has unpaid creditors whose debts were contracted prior to the time of the Transfers.

55.     The Transfers are avoidable and recoverable from Defendant pursuant to 11 U.S.C. §§ 544(b) and 550, and Va. Code. § 55.1-401.

**Count V - Attorneys' Fees**
**11 U.S.C. § 544 and Va. Code § 55.1-403**

56.     The Trustee repleads paragraphs 1 through 55 as if fully set forth herein.

57.     Pursuant to Virginia Code § 55.1-403, "[u]pon a finding of fraudulent conveyance pursuant to § 55.1-400, the court may assess sanctions, including such attorney fees, against all parties over which it has jurisdiction who, with the intent to defraud and having knowledge of the judgment, participated in the conveyance."

58.     The Trustee has asserted claims against the Defendant under Virginia Code § 55.1-400 to avoid the Transfers and recover the Properties.

59.     To the extent the Trustee prevails in her claims under Virginia Code § 55.1-400 and establishes that the Defendant participated in the Transfers with fraudulent intent, the Trustee is entitled to an award of her attorneys' fees against the Defendant.

**WHEREFORE**, Plaintiff Jennifer J. West, Chapter 7 Trustee for the Bankruptcy Estate of Towanda Lynette Tompkins respectfully requests entry of an Order:

(a)     Avoiding and setting aside the Transfers pursuant to 11 U.S.C. §§ 547, 548, or 544 and applicable state law;

(b)     Awarding the Trustee judgment against the Defendant, Kevanta Lamont Tompkins, in an amount equal to the value of the Transfers pursuant to 11 U.S.C. § 550(a);

(c)     Assessing sanctions against the Defendant by granting the Trustee an award of reasonable attorneys' fees; and

8

(d)      Granting the Trustee such other and further relief as the Court deems just and

appropriate.

JENNIFER J. WEST, CHAPTER 7 TRUSTEE


By: /s/  Christopher A. Hurley
                    Counsel


Robert H. Chappell, III, Esquire (VSB No. 31698) Jennifer
J. West, Esquire (VSB No. 47522) Christopher A. Hurley,
Esquire (VSB No. 93575) Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone: (804) 697-2000
Facsimile: (804) 697-2100
*Proposed Counsel for Jennifer J. West, Chapter 7 Trustee*

EXHIBIT 1

# VIRGINIA LAND RECORD COVER SHEET

Commonwealth of Virginia   VA. CODE §§ 17.1-223, -227.1, -249

## FORM A – COVER SHEET CONTENT

Instrument Date: 8/2/2025

Instrument Type: DG

Number of Parcels: 1   Number of Pages: 1

[ ] City [X] County   HENRICO
CIRCUIT COURT

Tax Exempt?   VIRGINIA/FEDERAL CODE SECTION

[X] Grantor: VA CODE § 58.1-811 D

[X] Grantee: VA CODE § 58.1-811 D

| | RECORDED IN |
| --- | --- |
| | COUNTY OF HENRICO, VA |
| | HEIDI S. BARSHINGER |
| | CLERK OF CIRCUIT COURT |

6692
1828

| FILED | Aug 14, 2025 |
| --- | --- |
| AT | 10:35 am |
| BOOK | 06692 |
| START PAGE | 1828 |
| END PAGE | 1829 |
| INSTRUMENT # | |
| | 202500021420 |

MFR

*(Area Above Reserved For Deed Stamp Only)*

Business/Name

1   Grantor: TOMPKINS, TOWANDA LYNETTE

Grantor:

1   Grantee: TOMPKINS, KEVANTA LAMONT

Grantee:

Grantee Address

Name: KEVANTA LAMONT TOMPKINS

Address: 5024 CEDAR ACRES CT

City: RICHMOND   State: VA   Zip Code: 23223

Consideration: $0.00   Existing Debt: $0.00   Actual Value/Assumed: $0.00

*PRIOR INSTRUMENT UNDER § 58.1-803(D):*

Original Principal: $0.00   Fair Market Value Increase: $0.00

Original Book No.:   Original Page No.:   Original Instrument No.:

Prior Recording At: [ ] City [X] County   HENRICO   Percentage In This Jurisdiction: 100%

Book Number:   Page Number: 209   Instrument Number:

Parcel Identification Number/Tax Map Number: 8177302346

Short Property Description:

Current Property Address: 5024 CEDAR ACRES CT

City: RICHMOND   State: VA   Zip Code: 23223

Instrument Prepared By: SELF   Recording Paid By: OWNER

Recording Returned To: KEVANTA LAMONT TOMPKINS

Address: 5024 CEDAR ACRES CT

City: RICHMOND   State: VA   Zip Code: 23223

*Advance*

FORM CC-1570 (MASTER, PAGE ONE OF ___ONE___ ) 10/19
© Copyright 2014 Office of the Executive Secretary, Supreme Court of Virginia. All rights reserved.

Cover Sheet A

6692
1829

## QUITCLAIM DEED (GIFTED PROPERTY) of Gift under VA Code § 58.1-811 D

THIS DEED made this 4th day of August, 2025, by and between:

**Grantor:**
Towanda Lynette Tompkins
5024 Cedar Acres Ct.
Richmond, VA 23223

and

**Grantee:**
Kevanta Lamont Tompkins
5024 Cedar Acres Ct.
Richmond, VA 23223

**WITNESSETH** that the Grantor, for and in consideration of **love and affection** and other good and valuable consideration, the receipt of which is hereby acknowledged, does hereby quitclaim unto the Grantee all right, title, and interest in and to the following described real estate situated in the [County/City] of __Henrico__ , Virginia:

**Legal Description of Property:**
Property Address: **5024 Cedar Acres Court, Richmond, Virginia 23223**; and is secured by mortgage (listed in the Grantor and Grantee's name).

**Tax Map/Parcel ID:** __813-730-2346__

**Property Address:** __5024 Cedar Acres Court, Richmond, Virginia 23223__

This conveyance is made and accepted subject to all easements, covenants, conditions, and restrictions of record, if any, affecting the title to the above-described property.

The Grantor hereby warrants that the property is being conveyed without monetary consideration and is intended as a gift. No warranties of title are expressed or implied.

**IN WITNESS WHEREOF**, the Grantor has hereunto set their hand and seal on the date first above written.

*Towanda Lynette Tompkins*

**Grantor:** *Towanda Lynette Tompkins*

Page 1 of 2

6692
1829A

STATE OF VIRGINIA,
CITY/COUNTY OF Henrico , to wit:

I, the undersigned, a Notary Public in and for the jurisdiction aforesaid, do hereby certify that **Towanda Lynette Tompkins** whose name is signed to the foregoing instrument, has acknowledged the same before me in my jurisdiction on this 4th day of August, *2025*.

KRISHA N. SYRKES
NOTARY PUBLIC
REGISTRATION # 7662527
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
AUGUST 31, 2029

Notary Public Signature: _____
Printed Name: Krisha Nadine Syrkes
My Commission Expires: 8/31/2029
Notary Registration Number: 7662527

INSTRUMENT # 202500021420
RECORDED IN THE CLERK'S OFFICE OF
HENRICO COUNTY ON
AUGUST 14, 2025 AT 10:35AM

HEIDI S. BARSHINGER, CLERK
RECORDED BY: MFR

Page 2 of 2

EXHIBIT 2

# VIRGINIA LAND RECORD COVER SHEET

Commonwealth of Virginia    VA. CODE §§ 17.1-223, -227.1, -249

**FORM A – COVER SHEET CONTENT**

Instrument Date: 8/2/2025

Instrument Type: DG

Number of Parcels: 1    Number of Pages: 1

[ ] City [X] County    HENRICO

CIRCUIT COURT

Tax Exempt?    VIRGINIA/FEDERAL CODE SECTION

[X] Grantor: VA CODE § 58.1-811 D

[X] Grantee: VA CODE § 58.1-811 D

Business/Name

1    Grantor: TOMPKINS, TOWANDA LYNETTE

Grantor:

1    Grantee: TOMPKINS, KEVANTA LAMONT

Grantee:

Grantee Address

Name: KEVANTA LAMONT TOMPKINS

Address: 5024 CEDAR ACRES CT

City: RICHMOND    State: VA    Zip Code: 23223

Consideration: $0.00    Existing Debt: $0.00    Actual Value/Assumed: $0.00

*PRIOR INSTRUMENT UNDER § 58.1-803(D):*

Original Principal: $0.00    Fair Market Value Increase: $0.00

Original Book No.:    Original Page No.:    Original Instrument No.:

Prior Recording At: [ ] City [X] County  HENRICO    Percentage In This Jurisdiction: 100%

Book Number: 5075    Page Number: 0370    Instrument Number:

Parcel Identification Number/Tax Map Number: 8027289776

Short Property Description:

Current Property Address: 2162 ELKRIDGE LANE

City: RICHMOND    State: VA    Zip Code: 23223

Instrument Prepared By: SELF    Recording Paid By: OWNER

Recording Returned To: KEVANTA LAMONT TOMPKINS

Address: 5024 CEDAR ACRES CT

City: RICHMOND    State: VA    Zip Code: 23223

RECORDED IN
COUNTY OF HENRICO, VA
HEIDI S. BARSHINGER
CLERK OF CIRCUIT COURT
FILED    Aug 14, 2025
AT    10:35 am
BOOK    06692
START PAGE    1830
END PAGE    1831
INSTRUMENT #
202500021421

6692
1830

MFR
(Area Above    For Deed Stamp Only)

FORM CC-1570 (MASTER, PAGE ONE OF ___ONE___ ) 10/19
© Copyright 2014 Office of the Executive Secretary, Supreme Court of Virginia. All rights reserved.

Cover Sheet A

6692
1831

## QUITCLAIM DEED (GIFTED PROPERTY) of Gifted Property under VA Code Section 58.1-811 D

**THIS DEED** made this 4th day of *August*, *2025*, by and between:

**Grantor:**
Towanda Lynette Tompkins
5024 Cedar Acres Ct.
Richmond, VA 23223

and

**Grantee:**
Kevanta Lamont Tompkins
5024 Cedar Acres Ct.
Richmond, VA 23223

**WITNESSETH** that the Grantor, for and in consideration of **love and affection** and other good and valuable consideration, the receipt of which is hereby acknowledged, does hereby quitclaim unto the Grantee all right, title, and interest in and to the following described real estate situated in the [County/City] of _Henrico_, Virginia:

**Legal Description of Property:**
Property Address: **2162 Elkridge Lane, Richmond, Virginia 23223**; listed in Book: **5075** Page: **0370**

**Tax Map/Parcel ID:** _802-728-9776_

**Property Address:** _2162 Elkridge Lane, Richmond, Virginia 23223_

This conveyance is made and accepted subject to all easements, covenants, conditions, and restrictions of record, if any, affecting the title to the above-described property.

The Grantor hereby warrants that the property is being conveyed without monetary consideration and is intended as a gift. No warranties of title are expressed or implied.

**IN WITNESS WHEREOF**, the Grantor has hereunto set their hand and seal on the date first above written.

_Towanda Lynette Tompkins_

**Grantor:** *Towanda Lynette Tompkins*

Page 1 of 2

6692
1831A

STATE OF VIRGINIA,
CITY/COUNTY OF  _Henrico_  , to wit:

I, the undersigned, a Notary Public in and for the jurisdiction aforesaid, do hereby certify that
**Towanda Lynette Tompkins** whose name is signed to the foregoing instrument, has
acknowledged the same before me in my jurisdiction on this 4th day of August , *2025*.

```
KRISHA N. SYRKES
NOTARY PUBLIC
REGISTRATION # 7662527
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
AUGUST 31, 2029
```

Notary Public Signature: _____
Printed Name:  _Krisha  Nadine  Syrkes_
My Commission Expires:  _8/31/2029_
Notary Registration Number:  _7662527_

INSTRUMENT # 202500021421
RECORDED IN THE CLERK'S OFFICE OF
HENRICO COUNTY ON
AUGUST 14, 2025 AT 10:35AM

HEIDI S. BARSHINGER, CLERK
RECORDED BY: MFR

Page 2 of 2

EXHIBIT 3

**King and Queen MapInsights**

## 115 PLUM LANE

## Parcel Information
Map ID: 32 9L 714E1

Physcial Address: 115 PLUM LANE

Physical City, St, Zip: ST STEPHENS CH, VA 23148

Account Number: 7048

Magesterial District: NEWTOWN

Zoning: AGRICULTURE

## Ownership
Owner: TOMPKINS KEVANTA LAMONT

Mailing Address: 5024 CEDAR ACRES COURT

Mailing City, ST, Zip: RICHMOND VA 23223

Instrument Number: 25 0 634

Deed Book and Page: 0156 490

Will Book and Page: 0

Plat Book and Page: 18 110

## Valuation
Sequence Number: 1

*Current Value*

Building Value: $15000

Improvement Value: $1300

Land Value: $24500

Total Value: $40800

Commercial Value: $0

Average Price Per Acre: $12250

*Previous Value*

Review Date: 0

Prevoius Improvement Value: $6,100

Previous Land Value: $19,200

Consideration Date: 20250819

Consideration Amount: $0

Consideration Acreage: 2

Recorded Date: 20250819

Physical Depreciation %: 0

Legal Description: LEE LAND SUBD

N/A

N/A

N/A

## Building
Building Address: 115 PLUM LANE

Sequence Number: 1

Year Built: 0

Year Remodeled: 0

Year Effective: 0

Number of Stories: 1

Number of Rooms: 0

Number of Bedrooms: 0

Number of Bathrooms: 0

Number of Half Baths: 0

Central Heat: N/A

Central Air: N/A

Acreage: 2

On Site Date: 20220314

Occupancy: N/A

Dwelling Type: N/A

Condition: N/A

Construction % Complete: 100

MH/Type:

Open Space Easement: No

Number of Fireplaces: 0

Number of Chimneys: 0

Grade Factor: N/A

## Plat Link
No plat link available